JOHN H. POTTER *vs.* J. MCKENNEY.

Androscoggin.    Opinion January 4, 1886.

*Replevin. Mortgaged property. Attaching officer. Keeper. R. S., c. 81, § 44·*

Before a mortgagee of personal property, attached by an officer as the property of the mortgagor and placed in the hands of a servant of the officer for safe keeping, can maintain replevin therefor against such servant he must give the notice in writing required by R. S., c. 81, § 44. The servant may make the same defence that his master, the attaching officer, could make.

ON report on facts agreed.

The opinion states the case and material, facts.

*John H. Potter*, for the plaintiff.

The real question to be determined in this case is this, was it necessary for the plaintiff in order to maintain this action to have first given the notice provided by R. S., c. 81, § 44?

That question can be completely determined by answering another, still more simple. Was J. McKenney properly made the defendant? If he was, then the notice was unnecessary for it is only when the action is to be brought against an attaching officer that the written notice is required.

Counsel then argued that the action could be maintained against the defendant, citing: R. S., c. 96, § 9; *Ramsdell* v. *Buswell*, 54 Maine, 546; *Eveleth* v. *Blossom*, 54 Maine, 447; *Douglass* v. *Gardner*, 63 Maine, 462.

*John P. Swasey*, for the defendant, cited: 23 Maine, 248; Drake, Attachment, § § 353, 356; *Nichols* v. *Perry*, 58 Maine, 32.

LIBBEY, J. This is replevin of a sleigh and wagon. Plaintiff claims title under a mortgage from one Davis. The property was attached by a deputy sheriff on a writ against said Davis as his property. At the time of the attachment it was in the possession of Davis. The officer who attached it put it into the possession of the defendant to hold as his keeper or servant.

Before bringing his action, the plaintiff did not give to the officer or the defendant the notice in writing required by R. S., c. 81, § 44.

The plaintiff does not claim that he could maintain the action against the officer without first giving such notice, but claims that he was not required under the facts in this case to give the notice because the action is not against the officer.

The question raised is, whether the defendant can make the same defence that the officer could make if the action was against him. We think he can. The defendant is the servant of the officer, holding the property for him. He has all the rights that his master has. His possession is the possession of the attaching officer and the attachment remains in full force. No other officer could attach the property on a writ against Davis and take it out of the possession of the defendant. The officer who made the attachment might make other attachments against Davis without a new seizure of the property. These principles are too well settled to require citation of authorities. The policy of the statute applies in all its force. It frequently occurs that an officer who attaches personal property cannot keep it in his actual possession all the time but must employ a servant for such purpose.

Can it be that the statute should be so construed that while the officer is present having the actual possession of the property a mortgagee cannot bring an action of replevin and take it from him without first giving the notice, but the moment he is obliged to leave it in the care of his servant the action may be brought and maintained against the servant without the notice? If so, it is quite easy to evade the statute. The statute should be liberally construed to effectuate its object. *Nichols* v. *Perry,* 58 Maine, 29. The action is virtually against the officer. It takes the property out of his posession, and cannot be maintained without the notice required by the statute.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, DANFORTH, FOSTER and HASKELL, JJ., concurred.